1
2
3
4
5
6
7
8

9              UNITED STATES DISTRICT COURT

10             EASTERN DISTRICT OF CALIFORNIA

11

12   CALSON MANAGEMENT LLC,              No.  2:22-cv-02090-MCE-JDP

13              Plaintiff,

14        v.                             **MEMORANDUM AND ORDER**

15   S&W SOLUTIONS LLC, doing
     business as Netchex,

16
                 Defendant.
17

18       By way of this action, Plaintiff Calson Management, LLC, ("Plaintiff") seeks to

19   recover from Defendant S&W Solutions LLC, doing business as Netchex, ("Defendant")

20   under theories of:  (1) breach of contract; (2) unjust enrichment; (3) negligence; and (4)

21   violation of California's Unfair Competition Law, California Business and Professions

22   Code §§ 17200 et seq.  Presently before the Court is Defendant's Motion to Dismiss, or,

23   in the Alternative, Transfer Under 28 U.S.C. § 1404.  ECF No. 10.  For the following

24   reasons, that Motion is DENIED.[1]

25
26
27   _____

28       [1] Because oral argument would not have been of material assistance, the Court declined to set a
     hearing date and decides this matter on the briefs.  E.D. Local Rule 230(g).

                                          1

1

2                                    **BACKGROUND**

3

4          In February 2020, Plaintiff contracted with Defendant for the provision of payroll

5   and related services.  To facilitate the arrangement, the parties executed a Master

6   Service Agreement ("Agreement"), which included General Provisions.  <u>See</u> ECF No. 1-

7   1.  The General Provisions provide, in pertinent part:

8                    **Entire Agreement.**   The Agreement reflects the entire
                     agreement   between   [Defendant]   and   [Plaintiff]   and
9                    supersedes all prior written and oral agreements.  Agreements
                     between [Defendant] and [Plaintiff's] users and Admins, if any,
10                   such as click-wrap agreements, privacy policy, or terms of use,
                     (collectively,   "User   Agreements")   hereby   incorporate   by
11                   reference the Agreement and do not amend the Agreement.
                     [Plaintiff's] users, including Admins, are obligated to perform
12                   and/or   not   perform   [Plaintiff's]   obligations   under   the
                     Agreement to the same extent as [Plaintiff], except to pay
13                   [Defendant].   In the event there is a conflict between the
                     Agreement and any User Agreement, the provisions of the
14                   Agreement will prevail.

15                   **Choice of Law and Venue.**  The Agreement is governed by
                     Louisiana law, except for its conflicts of law rules.  [Defendant]
16                   will accept and perform the Agreement in St. Tammany Parish,
                     Louisiana, and the parties agree to submit to the jurisdiction of,
17                   and to waive any objections to venue in, the state and federal
                     courts of St. Tammany Parish.   Notwithstanding any other
18                   provision in the Agreement, within thirty (30) days of the later
                     of (i) notice of a material breach of the Agreement or (ii) the
19                   filing of a civil action alleging a breach or seeking specific
                     performance of the Agreement, either party may compel the
20                   other party to submit to non-binding mediation.

21   General Provisions, ECF No. 1-1, § 11(a)-(b).

22          One such User Agreement, as referenced in the General Provisions, is the

23   "Conditions of Use" that govern the use of Defendant's website.  By using the website,

24   Plaintiff consented to those conditions, which state, among other things:

25                   These Conditions of Use shall be governed by and construed
                     by the laws of the state of Louisiana, excluding its conflicts of
26                   laws rules, regardless of where any action may be brought.
                     You agree to submit to the exclusive jurisdiction and venue of
27                   the state and federal courts of Mandeville, Louisiana.

28   Decl. of Louis Dubuc, ECF No. 10-1, Ex. B.

                                         2

Plaintiff avers now that Defendant materially breached the Agreement, and it thus initiated this action to recover for its injuries.  Defendant responded to the Complaint by filing the instant Motion, presenting two primary arguments for the Court's consideration. First, Defendant contends venue is improper in this district and that this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3)[2] and 28 U.S.C. § 1406(a) or transferred to the Eastern District of Louisiana pursuant to the forum selection clauses set forth above.  Second, and alternatively, Defendant argues that if the Court finds venue is proper here, it should nonetheless still transfer this action pursuant to the forum selection clauses under 28 U.S.C. § 1404(a).  Finally, Defendant adds an additional argument, presumably under Rule 12(b)(6), seeking to dismiss Plaintiff's unjust enrichment cause of action.

## STANDARD

### A.      28 U.S.C. § 1406(a)

Rule 12(b)(3) and 28 U.S.C. § 1406(a) authorize the Court to entertain a challenge to an action on grounds that venue is improper.  Unlike a motion to dismiss for failure to state a viable claim under Rule 12(b)(6), on a motion for improper venue under Rule 12(b)(3), "the pleadings need not be accepted as true and the [C]ourt may consider supplemental written materials and consider facts outside the pleadings" in its adjudication.  Kelly v. Qualitest Pharm., Inc., No. CIV-F-06-116 AWI LJO, 2006 WL 2536627, at *7 (E.D. Cal. Aug. 31, 2006).  If the Court determines that venue is improper, it may dismiss the case, or, if the interests of justice require, the Court may transfer the case to any district in which it properly could have been brought.  28 U.S.C. § 1406(a).  The decision to transfer rests in the Court's discretion.  28 U.S.C. § 1404(b); King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).

### B.      28 U.S.C. § 1404(a)

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

Under 28 U.S.C. § 1404, if venue is instead proper in the instant court, it may nonetheless "[f]or the convenience of parties and witnesses, in the interest of justice, transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Ordinarily, a number of factors must be considered in determining the propriety of a transfer request under § 1404(a). As the Supreme Court has noted, however, "[t]he calculus changes . . . when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" Atl. Marine Constr. Co. v. U.S. Dist. Ct., 571 U.S. 49, 63 (2013) (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 31 (1988)). In that circumstance, the court found that "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" Id. at 59-60 (quoting Stewart, 487 U.S. at 33). The court reasoned that enforcing forum-selection agreements in this manner, as bargained for by the parties, "protects their legitimate expectations and furthers vital interests of the justice system." Id. at 63 (quoting Stewart, 487 U.S. at 33).

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Id. at 62. In order to make that showing, the party challenging enforcement of the provision must demonstrate that the agreement was "unreasonable." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).

A forum selection clause is unreasonable if "(1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power;" (2) the selected forum is so inconvenient that "the complaining party will 'for all practical purposes be deprived of its day in court;' or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir. 1996) (quoting Bremen, 407 U.S. at 12-13). Absent such a showing, a forum selection clause is presumptively valid. Celtic

4

1    Int'l, LLC v. J.B. Hunt Transport, Inc., 234 F. Supp. 3d 1034, 1038 (E.D. Cal. 2017).

2        Where a forum-selection clause is found to be valid, the plaintiff's choice of forum

3    merits no weight.  Id.; Atl. Marine, 571 U.S. at 63-64.  Additionally, for the most part a

4    court evaluating a § 1404(a) motion to transfer based on a forum-selection clause should

5    not consider arguments about the parties' private interests.  Id. at 64.

6        Once again, however, whether to transfer an action is a decision soundly within

7    the district court's discretion.  See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498

8    (9th Cir. 2000).

9        **C.    Rule 12(b)(6)**

10       On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all

11   allegations of material fact must be accepted as true and construed in the light most

12   favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38

13   (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim

14   showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of

15   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly,

16   550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A

17   complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual

18   allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to

19   relief requires more than labels and conclusions, and a formulaic recitation of the

20   elements of a cause of action will not do."  Id. (internal citations and quotations omitted).

21   A court is not required to accept as true a "legal conclusion couched as a factual

22   allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at

23   555).  "Factual allegations must be enough to raise a right to relief above the speculative

24   level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller,

25   Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must

26   contain something more than "a statement of facts that merely creates a suspicion [of] a

27   legally cognizable right of action")).

28       Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS[3]

[3] The Court declines to construe Plaintiff's late opposition as a non-opposition and will consider

1

2          **A.      Venue is proper in this district.**

3          "Once the defendant has challenged the propriety of venue in a given court, the

4   plaintiff bears the burden of showing that venue is proper."  Richmond Tech., Inc. v.

5   Aumtech Bus. Sols., 2011 WL 2607158, at *8 (N.D. Cal. July 1, 2011) ("Richmond

6   Technologies").  Pursuant to 28 U.S.C. § 1391(b):

7               Venue in general.--A civil action may be brought in--

8                    (1) a judicial district in which any defendant resides, if all
                    defendants are residents of the State in which the district is
9                    located;

10                    (2) a judicial district in which a substantial part of the events or
                    omissions giving rise to the claim occurred, or a substantial
11                    part of property that is the subject of the action is situated; or

12                    (3) if there is no district in which an action may otherwise be
                    brought as provided in this section, any judicial district in which
13                    any defendant is subject to the court's personal jurisdiction
                    with respect to such action.
14
           At issue here is whether this district is one "in which a substantial part of the
15
    events or omissions giving rise to the claim occurred."  Plaintiff contends venue is proper
16
    here because:  (1) Plaintiff and its employees are and have been located in California;
17
    (2) the Agreement was thus negotiated in both California and Louisiana; and
18
    (3) Defendant was aware at all times that it was providing payroll services to a California
19
    entity and its employees and the obligations under the Agreement were consequently
20
    due in California.  Pl.'s Opp., ECF No. 14, at 3-4.   On the other hand, Defendant argues
21
    that Plaintiff merely contends it suffered harm in this district, which is insufficient to meet
22
    its burden.  Def.'s Reply, ECF No. 17, at 2.
23
           Under analogous circumstances, the court in Richmond Technologies articulated
24
    the appropriate venue analysis for this Court to undertake:
25
                    [U]nder the current version of § 1391(a)(2), the circuits appear
26                    to agree that venue may be proper in multiple districts if a
                    "substantial part" of the underlying events took place in each
27                    of those districts.  See Gulf Ins. Co. v. Glasbrenner, 417 F.3d
    _____
28   the arguments therein.

                                        7

353, 356 (2d Cir. 2005) (collecting cases from various federal courts of appeals). Thus, Plaintiff need not show that the [this district] has the most substantial relationship to the dispute, Kirkpatrick v. Rays Group, 71 F. Supp. 2d 204, 213 (W.D.N.Y.1999), or that it is the "best" venue. Silver Valley Partners, LLC v. De Motte, 400 F. Supp. 2d 1262, 1269 (W.D. Wash. 2005). Rather, "for venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." Gulf Ins. Co. v. Glasbrenner, 417 F.3d at 357. Where, as here, a case involves a contract dispute, courts have "looked to such factors as where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred" to determine whether venue is proper. Id. (quotation mark and citation omitted); see also Shropshire v. Fred Rappoport Co., 294 F. Supp. 2d 1085, 1094 (N.D. Cal. 2003) (finding venue proper in case turning on contract interpretation because contract was partially negotiated, signed, and substantially performed in the district).

The Ninth Circuit has not articulated a clear test for determining whether venue is proper under the current version of § 1391(a)(2). However, the Ninth Circuit's decision in Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834 (9th Cir. 1986), provides helpful guidance. In Decker Coal, the Ninth Circuit considered the proper venue for an action alleging breach of contract. Although the case involved an earlier version of § 1391(a), the Court's analysis focused on identifying the district "in which a substantial part of the acts, events, or omissions occurred that gave rise to the claim." Id. at 842. The Ninth Circuit concluded that in a suit for breach of contract, venue is proper not in the place where the contract was repudiated, but in the place of intended performance. Id. In so concluding, the Ninth Circuit reasoned that "the place of performance is determined at the inception of the contract and therefore parties can anticipate where they may be sued." Id.

Richmond Tech., 2011 WL 2607158, at *10.

Applying those principles here, the Court concludes that venue is proper. "While the Defendant[] may have executed and performed [its] contracts in other locations, courts have recognized that modern technology permits the negotiation and performance of contracts without face-to-face contacts and have found venue proper in a district in which either party to a contract was located." Id. In addition, in this case, like in Richmond Technologies, Defendant's contract, even if Defendant negotiated and performed the contract in Louisiana, "tied it to [the Eastern District of California] and required frequent communications with this [d]istrict." Id. "Moreover, under the

8

1   reasoning of <u>Decker Coal</u>, it is appropriate to lay venue in the [d]istrict in which one party

2   to the contract was located and to which obligations under the contract were due, for that

3   location 'is determined at the inception of the contract and therefore parties can

4   anticipate where they may be sued.'" <u>Id.</u> (quoting <u>Decker Coal</u>, 805 F.2d at 842).  This

5   Court thus concludes that a substantial part of the events giving rise to Plaintiff's claims

6   occurred in this district and to the extent Defendant's Motion is based on the theory that

7   venue is improper, it is DENIED.

8       **B.      Transfer under 28 U.S.C. § 1404(a) is not warranted.**

9       Defendant contends this matter should nonetheless be transferred to the Eastern

10  District of Louisiana because the parties are bound under the mandatory forum selection

11  clauses in the applicable documents.  Courts often characterize forum-selection clauses

12  as either "permissive" or "mandatory."  For a clause to be mandatory, it "must contain

13  language that clearly designates a forum as the exclusive one."  <u>N. Cal. Dist. Council of

14  Laborers v. Pittsburg-Des Moines Steel Co.</u>, 69 F.3d 1034, 1037 (9th Cir. 1995).  A

15  permissive clause, to the contrary, does not contain language clearly requiring exclusive

16  jurisdiction.  <u>Hunt Wesson Foods, Inc. v. Supreme Oil Co.</u>, 817 F.2d 75, 77 (9th Cir.

17  1987).  Permissive forum selection clauses do not mandate, but merely allow, an action

18  to be filed in the specified forum.  <u>Id.</u>  "When only jurisdiction is specified[,] the clause will

19  generally not be enforced without some further language indicating the parties' intent to

20  make jurisdiction exclusive."  <u>Docksider, Ltd. v. Sea Tech., Ltd.</u>, 875 F.2d 762, 764 (9th

21  Cir. 1989).

22      Given this, the Court concludes that the General Provisions contain a non-

23  exclusive forum selection clause (<u>allowing</u> the action to be filed in Louisiana) and the

24  Conditions of Use contain an exclusive forum-selection clause (<u>requiring</u> that the action

25  be filed there) because only the latter contemplates "exclusive" jurisdiction.  The Court

26  must therefore determine which clause or clauses apply here to determine whether the

27  parties entered a mandatory or permissive agreement with respect to Plaintiff's claims.

28      Under the circumstances, the Court agrees with Plaintiff that "[t]he Conditions of

1  Use have no bearing on Defendant's [Agreement]-based obligations to Plaintiff and

2  should not be considered."  Pl.'s Opp., ECF No. 14, at 4.  Plaintiff's claims are based on

3  the Agreement for payroll services.  That Agreement was negotiated by the parties and

4  obligates Defendant to provide substantive payroll services.  The Conditions of Use, on

5  the other hand, is a click-through agreement regarding the use of Defendant's website

6  and covering subjects like access and login information, intellectual property claims,

7  types of users, data security, and data privacy.  The Conditions of Use are thus not

8  implicated by Plaintiff's claims that Defendant breached the substantive Agreement.[4]

9  Accordingly, the Court will consider only the forum selection clause in the Agreement.

10  As stated, that clause is permissive only and does not provide for exclusive jurisdiction in

11  Louisiana.  Since Defendant's entire theory justifying transfer was based on a contrary

12  conclusion, its Motion is DENIED, and the Court declines to consider the remaining

13  factors under § 1404.

14        **C.    Plaintiff's unjust enrichment cause of action is sufficiently pled.**[5]

15        Finally, Defendant seeks to dismiss Plaintiff's unjust enrichment claim because:

16  (1) California does not recognize an independent cause of action for unjust enrichment;

17  and (2) Louisiana does not permit recovery under such a theory when the parties

18  entered into an express contract.  Neither argument is persuasive at this juncture.  Under

19  California law, the Court may properly construe Plaintiff's instant cause of action as "a

20  quasi-contract claim seeking restitution."  <u>Astiana v. Hain Celestial Grp., Inc.</u>, 783 F.3d

21

22        [4] Nor are the Conditions of Use incorporated by reference into the Agreement.  In fact, Defendant makes the opposite argument—that the Agreement is incorporated into the Conditions of Use.  If the Court was considering a violation of the Conditions of Use, then that argument might be relevant to establish all of the terms of the parties' contract.  However, under these facts that argument misses the mark because only the Agreement is at issue in the first place, and it stands alone for consideration.  In fact, the language incorporating the Agreement into the Conditions of Use appears intended to ensure that the Agreement overrides all other potentially conflicting contracts.  <u>See</u> General Provisions, ECF No. 1-1, § 11(a) (making clear that other agreements and terms of use, while incorporating the Agreement, "do not amend the Agreement," and that "[i]n the event there is a conflict between the Agreement and any User Agreement, the provisions of the Agreement will prevail.").  At base then, only the terms of the Agreement should be considered by the Court.

27        [5] Defendant's instant challenge is arguably improperly presented to the Court because Defendant noticed its motion on venue grounds, but then tacked on a substantive discussion at the end, ostensibly pursuant to Rule 12(b)(6).  Regardless, the Court considers Defendant's position on the merits.

753, 762 (9th Cir. 2015) (internal quotation marks and citation omitted).  The Court finds

such a claim properly pled here.  In addition, although Louisiana prohibits simultaneous

recovery under both a contract and quasi-contractual theory, the Court will not require

Plaintiff to choose one or the other at the pleading stage.  Plaintiff has pled the theories

in the alternative, which is permissible to survive a motion to dismiss.  As such,

Defendant's Motion to Dismiss this claim is DENIED.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, or, in the

Alternative, Transfer Under 28 U.S.C. § 1044, ECF No. 10, is DENIED.

IT IS SO ORDERED.

Dated:  September 6, 2023

_____

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE